_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
February 24, 2016

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 16-10460-ABL |
| Tatuado Hospitality Management Group, LLC, | Chapter 11 |
| | Hearing Date: February 11, 2016 |
| Debtor. | Hearing Time: 10:30 a.m. |

**ORDER GRANTING, IN PART, THE DEBTOR'S MOTION PURSUANT TO
11 U.S.C. §§ 105(a), 363(b), AND 503(b) AUTHORIZING, BUT NOT DIRECTING,
THE DEBTOR TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS**

Upon the motion (the "**Motion**")[1] of the above-captioned debtor and debtor in possession (the "**Debtor**") for the entry of an order authorizing, but not directing, the Debtor to pay that certain prepetition claim of those critical vendors (the "**Critical Vendors**") indicated on **Exhibit A**, attached hereto, as a critical vendor pursuant to sections 105(a), (363(b), and 503(b) of the Bankruptcy Code; and the Court having jurisdiction to consider the Motion and

---

[1] Any capitalized terms not expressly defined herein shall have those meanings ascribed to them in the Motion.

1

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the Motion and having held a hearing on the same and having determined, based on the parties representations on the Record and proposed modifications to the order; and good and sufficient cause appearing therefore, it is hereby:

**ORDERED** that the Motion is **GRANTED** in part, except as modified herein and on the Record at the February 11, 2016 hearing on the Motion; and it is further

**ORDERED** that the Debtor is authorized, but not directed, in its business judgment and sole discretion, to pay the prepetition claims of the Critical Vendors, as modified and set forth in the supplemental declaration of Michael Tsunis (Docket No. 62), subject to the conditions provided herein; and it is further

**ORDERED** that the Debtor is only authorized to pay the prepetition claims of those Critical Vendors listed on **Exhibit A**, attached hereto, and no other vendors or payments are authorized under this Order; and it is further

**ORDERED** that the payment of any prepetition claims of the Critical Vendors is conditioned upon such Critical Vendor providing terms as the Debtor deems necessary, in the Debtor's sole discretion, to ensure that each Critical Vendor will continue to supply the Debtor after the Petition Date in accordance with the normal trade terms that existed prior to the Petition Date, or on such other terms and conditions that the Debtor determines are reasonably acceptable under the circumstances; and it is further

**ORDERED** that the payment of any prepetition claims of Critical Vendors is also conditioned upon such Critical Vendor providing new value to the Debtor in the form of goods, which value equals at least the amount of such Critical Vendor's prepetition claim against the Debtor that is actually paid under this Order; and it is further

**ORDERED** that if any Critical Vendor ceases to supply the Debtor after the Petition Date in accordance with the normal trade terms that existed prior to the Petition Date, or on such other terms and conditions that the Debtor determines are reasonably acceptable under the circumstances, then any amounts paid to such Critical Vendor on account of its prepetition claim are subject to: (i) disgorgement; and (ii) avoidance under 11 U.S.C. § 549 and recovery under 11 U.S.C. § 550 by the Debtor or other authorized estate representative; and it is further

**ORDERED** that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

| Submitted by: | APPROVED/~~DISAPPROVED~~ |
|---|---|
| SCHWARTZ FLANSBURG PLLC | Office of the United States Trustee |
| By: /s/ Samuel A. Schwartz<br>Samuel A. Schwartz, Esq., NBN 10985<br>6623 Las Vegas Blvd. South, Suite 300<br>Las Vegas, NV 89119<br>Proposed Attorneys for the Debtor | By: /s/ Athanasios Agelakopoulos<br>Athanasios Agelakopoulos, Esq.<br>300 Las Vegas Blvd. South, Suite 4300<br>Las Vegas, Nevada 89101<br>Attorneys for the Office of the United States Trustee |

APPROVED/~~DISAPPROVED~~

Christensen, James & Martin

By: /s/ Wesley Smith
Wesley Smith, Esq.
Kevin Archibald, Esq.
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Attorneys for Culinary Trust Funds

APPROVED/~~DISAPPROVED~~

Adam Paul Laxalt
Nevada Attorney General

By: /s/ Alycia K. Hansen
Alycia K. Hansen, Esq.
555 E. Washington Ave., Suite 3900
Las Vegas, Nevada 89101
Attorneys for State of Nevada
Department of Taxation

APPROVED/~~DISAPPROVED~~

Goold Patterson

By: /s/ Jeffrey D. Patterson
Jeffrey D. Patterson, Esq.
1975 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
Attorneys for Wray-Al Properties, LLC

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

__X__ I have delivered a copy of this proposed order to all counsel who appeisd at the hearing, and any unrepresented parties who appeisd at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

APPROVED:   Athanasios Agelakopoulos, Esq.; Wesley Smith; Esq.
            Alycia K. Hansen, Esq.; Jeffrey D. Patterson, Esq.

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

SCHWARTZ FLANSBURG PLLC

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
Bryan A. Lindsey, Esq., NBN 10662
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, NV 89119
Proposed Attorneys for the Debtor

# # #

5

## Exhibit A

| Critical Vendor Name | Pre-Petition Amount Owed |
|---|---|
| Bonanza Beverage Company | $3,500.00 |
| Nevada Beverage Company | $4,000.00 |
| Southern Wine and Spirits | $7,500.00 |
| Johnson Brothers of Southern Nevada | $4,000.00 |
| **Total:** | **$19,000.00** |